1  MATTHEW FRANKLIN JAKSA (STATE BAR NO. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA 94105-2994
3  Telephone:  (415) 268-2000
   Facsimile:   (415) 268-1999
4

5  Attorney for Plaintiffs
   UMG RECORDINGS, INC.; VIRGIN
6  RECORDS AMERICA, INC.; LAFACE
   RECORDS LLC; SONY BMG MUSIC
7  ENTERTAINMENT; INTERSCOPE
   RECORDS; and CAPITOL RECORDS,
8  LLC

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                           SAN JOSE DIVISION
12

13 | UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; LAFACE RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; INTERSCOPE RECORDS, a California general partnership; and CAPITOL RECORDS, LLC, a Delaware limited liability company,
   
   Plaintiffs,
   
   vs.
   
   Devanei Unique Hampton,
   
   Defendant. | Case No.: 5:07-cv-03093-HRL
   
   **Related Cases**:
   
   STIPULATION TO JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs and Defendant hereby stipulate to the following terms, and that the Court may enter a final Judgment and Permanent Injunction in favor of Plaintiffs and against Defendant without further notice or appearance by the parties, as follows:

1.  Defendant shall pay to Plaintiffs in settlement of this action the total sum of $10,448.50.

2.  Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $551.50.

3.  Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

   a) using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

   b) causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download)

any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

4. Defendant has been properly and validly served with the Summons and Complaint in this action, and is subject to the jurisdiction of the Court.

5. Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

6. Defendant irrevocably and fully waives any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7. Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by

1  Defendant of any right under federal copyright law or state law occurring after the
2  date Defendant executes this Stipulation to Judgment and Permanent Injunction.
3
4     8.   Defendant acknowledges that Defendant has read this Stipulation to
5  Judgment and Permanent Injunction, and the attached [Proposed] Judgment and
6  Permanent Injunction, has had the opportunity to have them explained by counsel
7  of Defendant's choosing, fully understands them and agrees to be bound thereby,
8  and will not deny the truth or accuracy of any term or provision herein. Defendant
9  is at least 18 years old and is otherwise legally competent to enter into this
10 Stipulation to Judgment and Permanent Injunction.
11
12    9.   The Court shall maintain continuing jurisdiction over this action for
13 the purpose of enforcing this final Judgment and Permanent Injunction.

14 Dated: 5/28/08

HOLME ROBERTS & OWEN LLP
MATTHEW FRANKLIN JAKSA (STATE BAR NO. 248072)

By  *s/ Matthew Franklin Jaksa*
Matthew Franklin Jaksa
Attorney for Plaintiffs
UMG RECORDINGS, INC.;
VIRGIN RECORDS AMERICA, INC.; LAFACE RECORDS LLC;
SONY BMG MUSIC ENTERTAINMENT;
INTERSCOPE RECORDS; and
CAPITOL RECORDS, LLC

23 Dated: 5/26/08

By  Devanei Unique Hampton, *in propria persona*

25 Dated: 5.9.08

By  Mark Lucia
Attorney for Defendant

# PROOF OF SERVICE

STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the office of Holme Roberts & Owen in San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 560 Mission Street, 25th Floor, San Francisco, CA 94105.

On May 28, 2008, I served the foregoing documents described as:

**STIPULATION TO JUDGMENT AND PERMANENT INJUNCTION**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

| David I. Kelvin<br>1516 Oak Street, Ste. 316<br>Alameda, CA 94501<br>*Attorney for Defendant* | Mark Lucia<br>U.C. Berkeley<br>102 Sproul Hall<br>Berkeley, CA 94720<br>*Attorney for Defendant* |
|---|---|

☒ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 28, 2008 at San Francisco, California.

*Della Grant* (signature)
_____
Della Grant